LANGELAND v BRONSON METHODIST HOSPITAL

Docket No. 105964. Submitted December 13, 1988, at Grand Rapids. Decided April 11, 1989.

> Warren L. Langeland was hired by Bronson Methodist Hospital in 1967 to work in the business office. Approximately four or five years later, he was promoted to the position of business office director. In 1978, the Michigan Hospital Association conducted a review of defendant's business office and found that certain of the hospital's accounts receivable were at an excessively high level. In January, 1979, Langeland's supervisor told him his performance was not up to hospital standards and must be improved. Langeland's performance and the accounts receivable problem allegedly continued to worsen. In June, 1979, Langeland was demoted to the new position of special projects analyst. The new director of the business office gave Langeland two projects on which to work. Langeland completed the first project but, by January 30, 1980, still had not completed the second. Langeland was given the option of being fired or resigning on that day. Langeland filed suit against the hospital in Kalamazoo Circuit Court alleging that his employment was terminated in violation of an express or implied agreement set forth in the hospital's written personnel policies and employee handbook allowing termination of employment only for cause and requiring progressive disciplinary action before termination except in cases of severe misconduct. The court, Richard R. Lamb, J., granted summary disposition in favor of the hospital, finding plaintiff's employment was terminable at will. Plaintiff appealed.
>
> The Court of Appeals *held:*
>
> 1. A jury question existed as to whether plaintiff's employment contract provided for continued employment in the ab-

REFERENCES

Am Jur 2d, Master and Servant §§ 27, 45, 46, 49 *et seq.*; Summary Judgment § 27.

Modern status of rule that employer may discharge at-will employee as affected by employer's promulgation of employment policies as to discharge. 33 ALR4th 120.

sence of just cause for dismissal. Summary disposition was improper.

2. Plaintiff's deposition testimony was sufficient to create a jury question on the issue of his subjective expectation that his employment could be terminated only for just cause.

3. The fact that plaintiff failed to use an existing grievance procedure does not support the grant of summary disposition. The grievance procedure was optional.

Reversed.

1. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — JUDICIAL CONSTRUCTION — TERMINATION.

Employment contracts for an indefinite term are generally terminable at will, but an employee's legitimate expectations grounded in his or her employer's policy statements may create enforceable contract rights to be terminated only for just cause and in accordance with established termination procedures.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — JUDICIAL CONSTRUCTION — TERMINATION.

Absent an employer's express retention of the right to terminate employment at will, the existence of a just-cause contract of employment is a question of fact for the jury.

3. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — JUDICIAL CONSTRUCTION.

A jury question exists when an employer's stated termination policies contain expressions of both at-will and just-cause employment.

4. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

Courts, when ruling on a summary disposition motion brought on the ground that there is no genuine issue of material fact, are liberal in finding that a genuine issue exists, drawing all inferences in favor of the nonmoving party, and granting the motion only when the court is satisfied that it is impossible for the claim to be supported at trial because of some deficiency that cannot be overcome (MCR 2.116[C][10]).

5. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — AT-WILL EMPLOYMENT — JUST-CAUSE EMPLOYMENT.

The fact that an employer's written personnel policies list unsatisfactory job performance as a ground for discipline does not establish that an employee is employed pursuant to an at-will, satisfaction contract where just-cause employment is otherwise shown.

*Walsh, Langeland, Walsh & Bradshaw* (by *Richard C. Walsh* and *Lucianne Conklin*), for plaintiff.

*Miller, Johnson, Snell & Cummiskey* (by *Craig H. Luben*), for defendant.

Before: MAHER, P.J., and HOLBROOK, JR., and R. E. NOBLE,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting summary disposition in favor of defendant on plaintiff's complaint for breach of an express or implied employment contract pursuant to MCR 2.116(C)(10). We reverse.

Plaintiff was hired to work in defendant's business office in 1967. In 1971 or 1972, he was promoted to the position of business office director. In 1978, the Michigan Hospital Association conducted a review of defendant's business office and found that certain of defendant's accounts receivable were at an excessively high level.

In January, 1979, Bill Johnson, plaintiff's new supervisor, told plaintiff that his performance was not up to hospital standards and must be improved. According to Johnson, plaintiff's performance and the accounts receivable problem continued to worsen thereafter. As a result, in June, 1979, plaintiff was demoted from director of the business office to a new position of "special projects analyst." Robert Graber replaced plaintiff as director of the business office. Graber gave plaintiff two projects on which to work. Plaintiff completed the first project within a reasonable time. However, by January 30, 1980, plaintiff still had not completed the second project. Consequently, Graber gave plaintiff the option of being fired or resigning on that day.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff filed a complaint on January 29, 1986, alleging that his employment was terminated in violation of an express or implied agreement set forth in defendant's written personnel policies and employee handbook. Specifically, plaintiff alleged that defendant breached the terms of an employment contract allowing termination only for cause and requiring progressive disciplinary action before termination except in cases of severe misconduct. The trial court granted defendant's motion for summary disposition, finding that plaintiff's employment was terminable at will.

On appeal, plaintiff argues that summary disposition was improper because a jury question existed as to whether plaintiff's employment contract provided for continued employment in the absence of just cause for dismissal. We agree.

While employment contracts for an indefinite term are generally terminable at will, an employee's legitimate expectations grounded in his or her employer's policy statements may create enforceable contract rights to be terminated only for just cause and in accordance with established termination procedures. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598, 618-619; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980). Absent an express retention of the right to terminate employment at will, the existence of a just-cause contract is a question of fact for the jury. *Renny v Port Huron Hospital,* 427 Mich 415, 417; 398 NW2d 327 (1986), reh den 428 Mich 1206 (1987). Similarly, a jury question exists when an employer's stated termination policies contain expressions of both at-will and just-cause employment. *Dalton v Herbruck Egg Sales Corp,* 164 Mich App 543, 547; 417 NW2d 496 (1987). When ruling on a summary disposition motion under MCR 2.116(C)(10), courts are liberal in finding that

a genuine issue exists, drawing all inferences in favor of the nonmovant, and granting the motion only when the court is satisfied that it is impossible for the claim to be supported at trial because of some deficiency that cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973).

Resolving all reasonable doubt in plaintiff's favor, we find that reasonable minds might differ as to whether plaintiff could have reasonably concluded from defendant's policy statements that he would be terminated only for cause, following a series of graduated disciplinary measures. Defendant's written policies do not unambiguously retain in defendant the right to terminate its employees at will. Rather, defendant's definition of the term "discharge" as "termination . . . at the will of the employer" is qualified by the phrase "because of some fault on the part of the worker." Defendant's policies enumerate twenty offenses which may lead to employee discipline and outline the normal disciplinary procedures which precede termination. Although the policies state that the execution of such procedures is a matter of "management prerogative," other language suggests that immediate dismissal is an extraordinary penalty to be used only for the most serious infractions, such as theft or falsification of company records. The fact that unsatisfactory job performance was listed as a ground for discipline does not establish that plaintiff was employed pursuant to an at-will, "satisfaction" contract where just-cause employment is otherwise shown. *Toussaint, supra,* pp 620-621.

We also agree with plaintiff's argument that his deposition testimony was sufficient to create a jury question on the issue of his subjective expectation that his employment could be terminated only for

just cause. We are unpersuaded by defendant's argument that certain portions of plaintiff's testimony amount to an admission that his employment contract was terminable at will. While plaintiff conceded that it was for defendant's administrators to determine whether certain conduct warranted dismissal, plaintiff did not say he believed that defendant could terminate his employment in violation of defendant's stated policies or bypass the disciplinary procedures set forth therein. Whether plaintiff's beliefs were reasonable and whether defendant did indeed violate its disciplinary policies were questions of fact to be decided by the jury. *Struble v Lacks Industries, Inc,* 157 Mich App 169, 175; 403 NW2d 71 (1986).

Finally, we do not believe the fact that plaintiff failed to use an existing grievance procedure supports the grant of summary disposition. The internal procedure was optional. Plaintiff claims he declined to exercise this option, not because of any doubts concerning the merits of his objection, but, rather, because the procedure required him to approach the very supervisors responsible for the termination of his employment.

Reversed.