SCHIPPERS v SPX CORPORATION

Docket No. 117549. Submitted May 10, 1990, at Grand Rapids. Decided December 17, 1990, at 9:40 A.M. Leave to appeal sought.

Joseph Schippers brought an action in the Muskegon Circuit Court against SPX Corporation and Ryder Truck Rental, Inc., claiming wrongful discharge and negligent evaluation. The trial court, Michael E. Kobza, J., granted summary disposition in favor of SPX Corporation, ruling that there were no genuine issues of material fact and that SPX was entitled to judgment as a matter of law. The plaintiff appealed.

The Court of Appeals *held*:

The grant of summary disposition was improper. Material issues of fact exist regarding whether an employment contract providing termination only for just cause existed between the plaintiff and SPX.

Reversed and remanded.

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *John P. Halloran*), for the plaintiff.

*Culver, Lague & McNally* (by *William F. McNally* and *Kevin B. Even*), for SPX Corporation.

Before: NEFF, P.J., and MAHER and MURPHY, JJ.

NEFF, P.J. Plaintiff appeals as of right from a judgment and order of dismissal entered by the circuit court granting summary disposition pursuant to MCR 2.116(C)(10) to defendant SPX Corporation regarding plaintiff's claims for wrongful discharge and negligent evaluation. We reverse and remand.

I

The sole issue on appeal is whether a genuine

issue of material fact exists regarding whether a just cause employment contract providing termination only for just cause existed between plaintiff and defendant spx.

We hold that material issues of fact exist on the bases of defendant's employee handbook and testimony concerning oral representations made by spx personnel.

## II

When ruling on a motion for summary disposition made pursuant to MCR 2.116(C)(10), courts are liberal in finding that a genuine issue exists, drawing all inferences in favor of the nonmovant and granting the motion only when the court is satisfied that it is impossible for the claim to be supported at trial because of some deficiency that cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973); *Langeland v Bronson Methodist Hosp,* 178 Mich App 612, 615-616; 444 NW2d 146 (1989).

## III

An employer's statements of company policy to the effect that an employee will be terminated only for just cause can give rise to enforceable contract rights. *Toussaint v Blue Cross & Blue Shield of Mich,* 408 Mich 579; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980); *Richards v Detroit Free Press,* 173 Mich App 256, 258; 433 NW2d 320 (1988), remanded 433 Mich 913 (1989). Here, plaintiff's deposition testimony was sufficient to create a question of fact with respect to whether the oral representations made to him by spx personnel constituted a promise to discharge only for just cause. See *Toussaint, supra,* p 613; *Hetes v*

*Schefman & Miller Law Office,* 152 Mich App 117, 121; 393 NW2d 577 (1986).

Plaintiff testified that he had "[v]erbal assurances from three individuals," on which he relied, for his belief that he could be discharged only for good cause. He named the three individuals, one of whom was his immediate supervisor. The essence of the claimed assurances was that plaintiff was chosen from among seven drivers for his job and that it was his until retirement, "unless something was really wrong." Plaintiff testified that he inquired about his future with the company because he was moving into a division that had only one truck and he was concerned that the decision might be made to eliminate the truck and his job.

It is worthy of note that one of the three employees on whom plaintiff relied indicated at deposition that the custom and practice at SPX was to discharge for "good reason" only. This man had been employed by defendant for more than twenty-five years. While this testimony, of itself, does not create a question of fact, because the employee testified that he never communicated this to plaintiff in those words, it is relevant to plaintiff's assertions at deposition that he had verbal assurances about the conditions of his employment with SPX.

On the basis of the testimony noted above, it was error to grant summary disposition for defendant.

## IV

Mixed signals from employer to employee in employee handbooks can also raise a question of fact about reasonable employee expectations. *Toussaint, supra,* p 619; *Dalton v Herbruck Egg Sales Corp,* 164 Mich App 543; 417 NW2d 496 (1987);

*Butzer v Camelot Hall Convalescent Centre, Inc,*
183 Mich App 194; 454 NW2d 122 (1989).

Defendant's handbook promises fairness to all
employees and good working conditions. In return,
the manual expresses the company's expectation of
the best efforts of the employees. It speaks of
mutual trust, responsibilities, and standards of
conduct.

The handbook also sets out certain prohibited
practices in eight numbered paragraphs. In ex-
plaining the consequences of violating these rules,
the handbook explains, "For the protection of
yourself and your fellow workers, disciplinary ac-
tion up to and including discharge may be made
necessary by the violation of these rules."

The disclaimer under a heading of "In Conclu-
sion" at the end of the handbook says that the
book is for information only and that no contract
is created, but that the employer believes "whole-
heartedly" in the plans, policies, and procedures
set out. This single paragraph on page seventeen
of the handbook also reserves to the employer the
right to change anything in the book, with or
without notice.

We hold that the handbook raises a genuine
issue of fact regarding whether a contract of em-
ployment providing termination only for just cause
existed in this case. Defendant created an appear-
ance of fair dealing throughout sixteen pages of
the handbook, particularly with the mention of
"disciplinary action *up to and including* discharge"
(emphasis added). By way of the "Conclusion" on
the last page, the company then claims the prerog-
ative to deny its employees any rights to fair
treatment under the discipline policy (or any of
the other policies stated in the handbook) by sim-
ply ignoring it. This at least raises the specter of
an illusory promise meant to benefit the employer

by inducing the workers to conduct themselves as if they have job security, all the while retaining the benefit of denying that security when it sees fit.

We conclude that the evidence before the trial judge created a question of fact regarding whether plaintiff had a reasonable expectation that he could be discharged only for just cause. Summary disposition was improper, and we reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.