## HALE v COMERICA BANK-DETROIT

Docket No. 115403. Submitted January 18, 1991, at Detroit. Decided May 20, 1991, at 9:35 A.M. Leave to appeal sought.

Patricia Hale brought a wrongful discharge action in the 36th District Court against Comerica Bank-Detroit after her employment as a loan officer was terminated following her acceptance of $100 from a person who had obtained a loan through her from the bank. The court, Theresa Doss, J., entered a judgment in favor of the plaintiff following a bench trial, determining that while the plaintiff may have violated the defendant's code of ethics by accepting the gratuity, the defendant nevertheless breached the contract of employment by failing to follow the four-step procedure for termination outlined in its employee manual. The Wayne Circuit Court, Louis F. Simmons, J., affirmed. The defendant appealed by leave granted.

The Court of Appeals *held:*

The district court erred in concluding that the defendant had to follow the four-step procedure before terminating the plaintiff's employment. The defendant properly adhered to the procedures for an immediate release from employment.

The defendant's code of ethics provided that under no circumstances was an employee to accept cash from an existing or prospective bank customer and that, in the event of serious misconduct, a manager was to promptly contact a personnel representative because the offending employee could be immediately released from employment. The requirements for immediate release were met in this case because the plaintiff's acceptance of cash was serious misconduct and a personnel representative was immediately contacted.

Reversed and remanded for entry of a judgment in favor of the defendant.

*Hatchett, DeWalt & Hatchett* (by *Ronald McDuffie*), for the plaintiff.

*John Cerretani,* for the defendant.

Before: MARILYN KELLY, P.J., and HOLBROOK, JR., and MICHAEL J. KELLY, JJ.

MARILYN KELLY, P.J. This is a wrongful discharge action. Defendant appeals by leave granted from the circuit court's affirmance of the district court's judgment for plaintiff. We reverse and grant summary disposition to defendant.

Plaintiff was a loan officer at defendant's bank. As part of her job, she processed several loan applications for Clarence Miller. Eventually Miller received approval for a $2,000 loan. When he picked up the check, plaintiff suggested he pay her $100 in exchange for approving the loan. Miller agreed to return with the money the next day.

Miller alerted Comerica's management. The following day, Brenda Coleman, a Comerica employee, witnessed the payment of $100 by Miller to plaintiff. She confronted plaintiff and drove her to bank headquarters. There, plaintiff was fired on the grounds that her conduct was an abuse of her position and a violation of the bank's Code of Ethical Conduct.

Plaintiff claimed she suggested the $100 payment as an alternative to Miller's offer to buy her lunch. In her suit for wrongful discharge, she alleged that her termination was a breach of her employment contract. The district court judge found that plaintiff had violated the Code of Ethical Conduct. However he also found that when terminating plaintiff's employment, the bank had failed to follow the procedural steps for corrective action set forth in the employee manual. The circuit court affirmed the lower court.

On appeal, defendant contends the court erred in concluding that it violated the corrective action policy. It argues that the policy does not apply in this type of situation.

Generally, this Court will not disturb a judgment, unless there has been an error which produces a result inconsistent with substantial justice.

MCR 2.613(A). An employer's statements of policy, such as those present in manuals, may give rise to enforceable contractual rights. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 614-615; 292 NW2d 880 (1980).

The defendant's ethical code provided in part:

> Employees . . . are not permitted to accept or solicit gifts, fees, entertainment, vacations, special discounts, loans or other similar gratuities from existing or prospective customers and suppliers, or competitors. These practices are highly improper and, in some instances, unlawful. However, entertainment or gifts extended in accordance with normal business practice may be accepted as long as such gifts are made in good business taste and are of moderate and reasonable value, so that no possible inference can be drawn that such gifts could influence the recipient in the performance of Bank duties. *Under no circumstances may an employee accept cash* or cash equivalents. [Emphasis added.]

The policy manual contained a set of procedural steps for corrective action. However, it also included the following provision:

> In the event of serious misconduct such as theft, embezzlement, fraud, falsifying bank records, unreported absence, fighting on the job, drinking on the job, arbitrarily not performing one's job function, sabotage or refusal to follow directions from supervisors, the manager must contact the Personnel Representative promptly, as immediate release may result. (Please note that this above list is illustrative of the type of behavior that will not be permitted and is not intended to be all inclusive.)

In this case, plaintiff admitted accepting the cash. Her actions constituted serious misconduct

warranting immediate release. Not only did she violate the bank's Ethical Code, but she may have also violated state and federal law. See 18 USC 215; MCL 750.125; MSA 28.320. The trial court erred in concluding that the bank had to follow the four-step procedure before terminating plaintiff.

The record reveals that defendant contacted a personnel representative before discharging plaintiff. The defendant complied with the applicable contract provisions and is entitled to judgment. MCR 7.216(A)(7).

Reversed and remanded for entry of judgment in favor of defendant. We do not retain jurisdiction.