[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jewel Cogan, alleges that she was wrongfully discharged from her employment with the defendant, Textron Lycoming Division of Avco Corporation ("Avco").[1] The defendant CT Page 417 now moves for summary judgment on the basis that the plaintiff was an at will employee, and could be terminated without any cause or reason. The plaintiff claims that she had an agreement with the defendant that provided for her continued employment unless disciplinary procedures indicated that there was good cause for her termination.
The criteria for the granting of summary judgment were reiterated just last week by the Appellate Court in Cummings 
Lockwood v. Gray, 26 Conn. App. 293, 296-97, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact, (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (in) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issues.
In support of its motion for summary judgment the defendant submitted the deposition of the plaintiff as well as a number of supporting exhibits. These documents indicate that the plaintiff signed an application for employment. Mrs. Cogan stipulated that this application did not guarantee employment for any particular length of time. The application does not mention termination in any fashion.
In her deposition the plaintiff states that at the time she was being interviewed for possible employment, Lorraine Beach, a supervisor for the defendant, stated that "every employee will be treated fairly." On September 26, 1983 the plaintiff received a letter from an employee relations representative offering her a position as a data entry operator. This letter does not refer to length of employment or to termination. The plaintiff commenced work on October 17, 1983, and her employment was terminated on December 2, 1986. In her deposition the plaintiff states that she was terminated for absenteeism, and also because she believes the defendant was "cutting back" on the number of its employees. The plaintiff agreed that in 1985 she was absent from work and on sick leave for approximately thirty-one weeks from February to September. She received sick pay and indicated that she did not work because of "depression." Her absentee record indicates that although she returned to work September through November of 1985, she was absent on sick leave from early December of that year until late May of 1986, a period of some twenty-five weeks, again for depression. The CT Page 418 plaintiff returned to work but then was out again during the months of October and November of 1986 and was terminated on December 2, 1986. Her "overall performance rating" was deemed unsatisfactory in a review in late November, 1986.[2]
The defendant claims that based on these facts, which the plaintiff does not dispute, its termination of Mrs. Cogan does not violate any agreement, express or implied, that would result in Mrs. Cogan being anything other than an at will employee.
In opposition to defendant's motion for summary judgment, Mrs. Cogan submitted her own affidavit, and also that of Robert Moore, a former supervisor with the defendant, who refers in his affidavit to a "Policy Statement Number 1032." Mr. Moore states that the defendant distributed this statement to employees such as Mrs. Cogan, and that the employees relied on it as a part of their working relationship with defendant. This document is entitled "General Plant Conduct Rules," and contains more than forty rules constituting "prohibited conduct." It states that offenses or violations of the rules "may be cause for suspension or discharge." Among these rules is "absenteeism without reasonable cause."
The plaintiff's own affidavit indicates that because of Policy Statement 1032 she believes that she should not have been terminated summarily, but rather was entitled to some form of disciplinary hearing, including a review of whether her absenteeism was "without reasonable cause."
The elements of wrongful discharge in Connecticut have been analyzed quite extensively and can be summarized by saying that unless an employee has an agreement, express or implied, that he will not be terminated except for just cause, or unless he has a contract for a specific number of years,[3] the employee is deemed to be an employee at will, and his services may be terminated at the whim of the employer, and without any liability on the latter's part. See generally Coelho v. Posi-Seal International, Inc., 208 Conn. 106, 117-18, 544 A.2d 170 (1988). There is an exception to this general rule if the termination of an employee at will violates public policy. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474-75, 427 A.2d 385 (1980).[4] See also General Statutes 31-51m, our so-called "whistle blowing" statute, and 31-51g, prohibiting discharge of one exercising certain constitutional rights. These exceptions are not involved in this case. The issue then is whether the plaintiff has met her "burden of proving by a fair preponderance of the evidence that [the employer] has agreed, either by words or action or conduct, to undertake [some] form of actual contract commitment to him under which he could not be terminated without just cause." Coelho; supra, 112. CT Page 419
In addition to express contracts creating job security, implied contracts can be created in several ways. including statements contained in employee handbooks or policy manuals. Finley v. Aetna Life Casualty Co., 202 Conn. 190, 198-99,520 A.2d 208 (1987). However, as said in Christensen v. Bic Corporation, 18 Conn. App. 451, 458, 558 A.2d 273 (1989), "[t]he mere fact that the plaintiff believed the guidelines to constitute a contract does not bind Bic without some evidence that it intended to be bound to such a contract."
The doctrine of promissory estoppel has been applied in this area where the employee has a "term contract of fixed duration," and the employer has made a definite promise of job security upon which the employee relied. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213,520 A.2d 217 (1987). This is, of course, not the situation in the instant case.
I believe the statement by Mrs. Beach regarding treating employees fairly does not constitute an agreement that the plaintiff was other than an employee at will. However, as to Statement 1032, the Court of Appeals of Michigan in Schippers v. SPX Corp. 186 Mich. App. 595, 465 N.W.2d 34, 36 (1990), was presented with a factual pattern very similar to this case in that the employer's handbook designated certain prohibited practices, and stated that "for the protection of yourself and your fellow workers, disciplinary action up to and including discharge may be made necessary by the violation of these rules." The court noted that: "Mixed signals from employer to employee in employee handbooks can also raise a question of fact about reasonable employee expectations." In denying a motion for summary judgment by the employer, the court held that the handbook "raises a genuine issue of fact regarding whether a contract of employment providing termination only for just cause existed in this case. . . .[and] whether plaintiff had a reasonable expectation that he could be discharged only for just cause." Id., 36.
Bearing in mind that the evidence in a summary judgment motion must be viewed in the light most favorable to the plaintiff in this case, it is my belief that the reference in Policy Statement 1032 concerning suspension or discharge, and absenteeism without reasonable cause, creates a question of fact as to whether the employee in this case, Mrs. Cogan, was entitled to be terminated only upon a showing of just cause. See also Finley v. Aetna Life Casualty, supra, 199 ("In the absence of definitive contract language. . .the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and CT Page 420 an inference of fact.").
Accordingly, defendant's motion for summary judgment is denied.
So ordered.
Dated at Bridgeport, Connecticut, this 15th day of January 1992.
WILLIAM B. LEWIS, JUDGE