SCHIPPERS v SPX CORPORATION (ON REMAND)

Docket No. 147499. Submitted January 16, 1992, at Lansing. Decided May 4, 1992, at 9:00 A.M. Leave to appeal sought.

Joseph Schippers brought an action in the Muskegon Circuit Court against SPX Corporation and Ryder Truck Rental, Inc., claiming wrongful discharge and negligent evaluation. The court, Michael E. Kobza, J., granted summary disposition in favor of SPX Corporation, ruling that there were no genuine issues of material fact and that SPX was entitled to judgment as a matter of law. The plaintiff appealed. The Court of Appeals, NEFF, P.J., and MAHER and MURPHY, JJ., reversed and remanded, holding that the grant of summary disposition was improper because a material issue of fact existed regarding whether an employment contract providing for termination only for just cause existed between the plaintiff and SPX. 186 Mich App 595 (1990). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for reconsideration in light of Rowe v Montgomery Ward & Co, Inc, 437 Mich 627 (1991). 439 Mich 891 (1991)

On remand, the Court of Appeals held:

The grant of summary disposition was improper. There are facts and circumstances that are contradicted and upon which reasonable minds can differ. There is a genuine issue of material fact regarding the existence of an employment contract providing for termination only for just cause.

1. The plaintiff's concerns about job security were met with assurances from three SPX employees that raise a question of fact concerning whether he reasonably believed he could be fired only for just cause.

2. The employee handbook issued by SPX offers objective support for the oral representations allegedly made to the plaintiff with regard to his concerns about job security.

3. Other factors indicating that a question of material fact existed sufficient to send the case to a jury are that the plaintiff's position was unique and that there were alleged references to the duration of his employment in response to his concerns about job security.

Reversed and remanded.

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *John P. Halloran*), for the plaintiff.

*Culver, Lague & McNally* (by *William F. McNally* and *Kevin B. Even*), for SPX Corporation.

ON REMAND

Before: NEFF, P.J., and MICHAEL J. KELLY and REILLY, JJ.

NEFF, P.J. This case is before us for a second time after our Supreme Court, in lieu of granting leave to appeal, vacated our prior judgment and remanded to us for reconsideration in light of the decision in *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627; 473 NW2d 268 (1991). 439 Mich 891 (1991). In our original opinion we reversed an order granting summary disposition in favor of defendant SPX Corporation (hereafter defendant) and remanded to the trial court for trial. *Schippers v SPX Corp,* 186 Mich App 595; 465 NW2d 34 (1990). We now reevaluate whether, under the standards expressed in *Rowe,* there is a genuine issue of material fact regarding the existence of an employment contract between plaintiff and defendant providing for termination only for just cause.

I

We start from the premise that there is a presumption of employment at will[1] that plaintiff has the burden to overcome by convincing the court that it should supply an omitted term or that the circumstances are such that the jury is entitled to do so. *Rowe, supra,* pp 638-639.

[1] This presumption is "a rule of construction rather than a substantive limitation." *Rowe, supra,* p 638.

In *Rowe,* the Supreme Court took pains to explain what it was not holding:

> We do *not* decide that the words and conduct of parties cannot, as a matter of law, create an issue submissible to a jury regarding the existence of a contract implied in fact. Moreover, we do *not* suggest that a contract of employment is too indefinite to be enforced where the employee's consideration is the work performed in response to a unilateral offer. [*Id.,* p 638.]

As noted, this case was decided in the trial court on defendant's motion for summary disposition. When ruling on a motion for summary disposition made pursuant to MCR 2.116(C)(10), courts are liberal in finding that a genuine issue exists, drawing all inferences in favor of the nonmovant and granting the motion only when the court is satisfied that it is impossible for the claim to be supported at trial because of some deficiency that cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973); *Langeland v Bronson Methodist Hosp,* 178 Mich App 612, 615-616; 444 NW2d 146 (1989).

When we examine this case within this framework, we are led to the same conclusion we reached initially, to wit, material issues of fact exist on the basis of defendant's employee handbook and testimony concerning oral representations made by SPX personnel to plaintiff.

II

According to plaintiff's deposition testimony, he was hired by the defendant's Sealed Power Division in 1973 as an over-the-road truck driver. At the time he transferred to the Hy-Lift Division, there were six over-the-road truck drivers at

Sealed Power and he was second in seniority. At Hy-Lift, there was only one truck and one driver, plaintiff.

When plaintiff was approached by his superiors to transfer from Sealed Power to Hy-Lift, he was concerned about job security because Hy-Lift had only one truck and he would be the only driver in that division. Plaintiff was worried because if the one truck at Hy-Lift were to be eliminated for any reason, he would be out of work. He therefore sought assurances of continued availability of work and of his own job security. According to his testimony, plaintiff received assurances from three of defendant's employees, including plaintiff's immediate supervisor, that his job was secure, as long as they had a truck and until plaintiff was ready for retirement.

III

Careful review of the opinion in *Rowe* leads us to the conclusion that this case is more nearly consonant with *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), the seminal Michigan case in the law of employment contracts. As in *Toussaint,* plaintiff in this case expressed concerns about job security and engaged in discussions about his concerns before accepting the transfer to Hy-Lift. His concerns were met with assurances that raise a question of fact concerning whether he had a reasonable belief that he could be fired only for cause.

This conclusion is further bolstered by the existence of the employee handbook that, as we noted in our original opinion, at the very least, raised the possibility of an illusory promise of an employment contract providing for termination only for just cause meant to benefit the employer by infer-

ring job security while retaining the benefit of denying such security at the whim of the employer. *Rowe, supra,* p 655; *Schippers, supra,* pp 598-599; *Diggs v Pepsi-Cola Metropolitan Bottling Co, Inc,* 861 F2d 914 (CA 6, 1988).

While the handbook issued by defendant in this case does not contain the same type of language specifically providing for termination only for just cause as the one at issue in *Toussaint,* it does offer objective support for the oral representations allegedly made to plaintiff with regard to his concerns involving job security. Like in *Toussaint,* plaintiff engaged in preemployment discussions concerning job security and he specifically inquired about that issue. On the other hand, the handbook in this case did not, as did the handbook in *Rowe,* clearly and unambiguously notify plaintiff of any policy of termination at will.

Another way in which this case more closely resembles *Toussaint* than *Rowe* is that the position into which plaintiff transferred was unique. He was the only driver of the only truck in the division. These factors, according to the opinion in *Rowe,* are important considerations in determining whether a question of material fact exists sufficient to send the case to a jury. *Rowe, supra,* p 643.

The concurring opinion of Justice BOYLE, which agrees with the bulk of the reasoning in the plurality opinion of Justice RILEY, also contains some language that we believe supports the conclusions we reach here. There was reference to a "durational term" to plaintiff's employment with the mention that plaintiff would be employed until retirement. *Rowe, supra,* p 664. This further bolsters the argument that a fact question exists concerning whether there was a commitment that

could reasonably be understood to be a promise of employment in which termination would be only for just cause, because plaintiff testified that defendant's employees told him his job was safe until he was ready to retire. As Justice BOYLE noted in footnote 5 to the concurring opinion on p 664:

Where the parties' intention is not apparent and the facts and circumstances advanced by the plaintiff are sufficient to show it is more likely than not that a reasonable promisee would believe that the employer was making a commitment that amounted to a promise of job security, the court will conclude, as a threshold matter, that the presumption has been overcome. Where facts and circumstances are contradicted and reasonable minds can differ, the jury will determine the facts and circumstances that actually obtained, whether there was a commitment amounting to a promise, and whether the promise was breached. Where the facts and circumstances produced would not warrant a reasonable juror in finding a promise of job security, the question cannot be put to the jury, *Leslie v Mendelson,* 302 Mich 95, 104; 4 NW2d 481 (1942).

## IV

We specifically find that there are facts and circumstances that are contradicted and upon which reasonable minds can differ. As a result, it is for the jury to determine the facts and circumstances that actually occurred, whether there was a commitment amounting to a promise, and whether the promise was breached. Accordingly, we reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

Reversed and remanded.