BIGGS v HILTON HOTEL CORPORATION

Docket No. 131470. Submitted December 3, 1991, at Detroit. Decided
February 20, 1992; approved for publication May 14, 1992, at
9:10 A.M.

Raymond Biggs brought an action in the Wayne Circuit Court
against the Hilton Hotel Corporation, alleging wrongful dis-
charge and breach of a contract not to terminate his employ-
ment except for just cause. The court, John H. Hausner, J.,
granted summary disposition for the defendant, holding that
the plaintiff had failed to plead an adequate factual basis to
raise a genuine issue of material fact concerning whether his
employment could be terminated only for just cause. The
plaintiff appealed.

The Court of Appeals *held:*

The trial court correctly held that the pleadings failed to
establish the plaintiff's claim that his employment was perma-
nent and terminable only for just cause. The mere publication
by the defendant of a disciplinary policy in an employee man-
ual does not create an employment relationship that can be
terminated only for just cause. The employee manual specifi-
cally provided that it was not an employment contract. The
oral statements made to the plaintiff at the time he was hired
did not constitute an offer of permanent employment, but
rather were mere expressions of the employer's hope of a long
successful employment relationship.

Affirmed.

MARILYN KELLY, J., concurring in the result only, stated that
there was just cause to discharge the plaintiff and that there
was no genuine issue of material fact to prevent summary
disposition.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Joseph A. Golden* and *Lionel J. Postic*), for the
plaintiff.

*Seyfarth, Shaw, Fairweather & Geraldson* (by
*John W. Powers, Kathleen M. Paravola* and *Jef-
frey C. Kauffman*), for the defendant.

Before: SAWYER, P.J., and GILLIS and MARILYN
KELLY, JJ.

PER CURIAM. Plaintiff appeals from an order of
the circuit court granting summary disposition in
favor of defendant on plaintiff's wrongful dis-
charge claim. Summary disposition was granted
pursuant to MCR 2.116(C)(10) (no genuine issue of
material fact). We affirm.

Plaintiff was employed by defendant as the di-
rector of housekeeping of the Novi Hilton. Plaintiff
began his employment on February 19, 1988, and
was discharged approximately eight months later,
apparently because of poor work performance.
Plaintiff contends that the terms of his employ-
ment with defendant provided for termination
only for "just cause" and that, pursuant to the
provisions of an employee policy manual issued by
defendant, the appropriate level of discipline
would have been a verbal or written warning
concerning plaintiff's deficiencies in performance
rather than termination. Defendant maintains
that plaintiff was an at-will employee. We agree
with the trial court that there is no genuine issue
of material fact that plaintiff was other than an
at-will employee.

This case may be resolved by considering the
Supreme Court's recent decision in *Rowe v Mont-
gomery Ward & Co, Inc,* 437 Mich 627; 473 NW2d
268 (1991). As the Court explained in *Rowe,* con-
tracts for permanent employment are for an indef-
inite period of time and are presumptively con-
strued to provide for employment at will. *Id.* at
636. The employee may overcome this presumption
by proof of an express contract for a definite term
or a provision forbidding discharge in the absence
of just cause, or by proof that there was a promise
implied in fact of employment security, such as

employment for a particular period of time or to terminate only for just cause. *Id.* Plaintiff's reliance in this case on the disciplinary scheme established in the employment manual does not establish a promise of termination for just cause only. Nothing in the employment manual states that an employee would not be terminated except for one of the reasons listed in the disciplinary section. This is similar to the facts in *Rowe,* where the employment manual listed prohibited conduct that would result in dismissal but did not suggest that the enumerated conduct was the only basis for dismissal. The Court concluded that this was not evidence that would form a reasonable basis for finding a promise of job security. *Id.* at 645.

Furthermore, the employment manual at issue explicitly stated that it was not an employment contract, but only a guideline of the policies and benefits provided by defendant. We do not find it to be of any moment that the manual may not have explicitly stated that employment was at-will and that termination was not limited to those instances where just cause is shown. As stated above, the presumption is that employment is at-will, and the proper inquiry is whether the employer, through its employment manual or otherwise, made representations or promises that termination would be only for just cause. No such representations were contained in this employment manual, and the manual did, in fact, explicitly state that it was not a contract but merely a guideline.

The fact that defendant had established a disciplinary system for its employees and, apparently, obligated plaintiff to abide by that disciplinary system in dealing with his subordinates does not establish unequivocally plaintiff's position that he was a just-cause employee rather than an at-will

employee. Certainly, it is not unreasonable to expect that an employer, particularly one such as defendant that employs a large number of individuals, would want a systematic method of dealing with its employees and would provide a consistent set of guidelines under which its managers would deal with subordinates. This does not mean that by doing so an employer establishes just-cause employment rather than at-will employment. The concept of at-will employment means not only that the employer, if it so chooses, may provide a disciplinary system and may terminate only for cause, but also that the employer may terminate for any other reason if the employer believes that that is in the best interests of the employer. Indeed, in this respect, we once again return to *Rowe* and note that even in *Rowe* the employer had created a disciplinary system for dealing with its employees, but the Supreme Court nevertheless concluded that the employee could not harbor any legitimate expectation of a policy of discharge for cause by the employer. *Id.* at 651.

With respect to any oral representations made during the preemployment interview, we are also unpersuaded that any such representations form the basis for finding a just-cause contract in this case. Oral statements of job security must be clear and unequivocal to overcome the presumption of employment at will. *Id.* at 644. The oral statements related by plaintiff in his brief were comments made during preemployment interviews by the general manager to the effect that he saw plaintiff as a person who would go places with the Hilton Corporation and that he felt the relationship would be a good one in which there would be an opportunity to grow and maintain some type of long-term relationship. We fail to see how these comments could induce a belief by plaintiff that

termination would be for just cause only. Rather, they merely reflect the general manager's belief that plaintiff would be an appropriate person to hire and that he was optimistic about plaintiff's future performance and ability to advance with the company. Certainly, one would not expect the general manager to hire as his director of housekeeping someone whom he expected to have poor job performance and to be terminated within a year. *Id.* at 640 (an orally grounded contractual obligation for permanent employment must be based on more than an expression of a hope for a long-term relationship).

For the above reasons, we conclude that plaintiff has failed to bring forth any facts to support his claim that he was a just-cause employee and, therefore, the trial court properly granted summary disposition in favor of defendant. In light of this resolution, we need not consider plaintiff's other argument, whether there was a question of material fact concerning whether defendant had just cause to discharge plaintiff.

Affirmed. Defendant may tax costs.

MARILYN KELLY, J. *(concurring)*. I concur in the result only. The trial court should be affirmed on the basis that there was just cause to discharge plaintiff, and no genuine issue of material fact existed to prevent summary disposition.