STOPCZYNSKI v FORD MOTOR COMPANY

Docket No. 132931. Submitted December 9, 1992, at Detroit. Decided
March 24, 1993; approved for publication June 17, 1993, at 9:10
A.M.

Edward Stopczynski brought an action in the Macomb Circuit
Court against Ford Motor Company, alleging, in part, wrongful
discharge in violation of an alleged contract of employment
prohibiting his discharge absent just cause. The court, George
R. Deneweth, J., granted summary disposition for the defen-
dant. The plaintiff appealed.

The Court of Appeals *held:*

1. The provisions of the employment agreement were fully
disclosed, and the express terms of the contract negate the
plaintiff's claim that a just-cause contract based on oral repre-
sentations exists. By signing the contract, the plaintiff assented
to employment at will, and he may not maintain an action
based on alleged prior oral assurances.

2. The defendant's adoption of disciplinary guidelines did not
transform the at-will employment relationship into one prohib-
iting discharge absent just cause.

3. The defendant complied with the disciplinary procedures
outlined in its employee manual before it terminated the
plaintiff. The award of summary disposition was proper.

4. The trial court properly found that damages for inten-
tional infliction of emotional distress are not recoverable in an
action for breach of an employment contract. In addition, the
conduct alleged to have occurred is not so outrageous that it
goes beyond all possible bounds of decency.

Affirmed.

1. CONTRACTS — RESCISSION — FAILURE TO READ.

A person who signs a contract cannot seek to avoid it on the
bases of not having read the contract or of having supposed
that it was different in its terms.

REFERENCES

Am Jur 2d, Contracts §§ 185, 539, 546; Fright, Shock, and Mental
Anguish § 34.
See ALR Index under Contracts; Emotional Injury.

2. MASTER AND SERVANT — EMPLOYMENT AT WILL — DISCIPLINARY
        POLICIES.

   An employer's adoption of a disciplinary policy in an employee
   manual by itself does not transform an at-will employment
   relationship into one prohibiting discharge absent just cause.

3. MASTER AND SERVANT — INTENTIONAL INFLICTION OF EMOTIONAL
        DISTRESS — DAMAGES — BREACH OF EMPLOYMENT CONTRACT.

   Damages for intentional infliction of emotional distress are not
   recoverable in an action for breach of an employment contract.

*Roberta Kyselka Sarkis,* for the plaintiff.

*James C. Curtiss* and *John M. Thomas,* Office of
the General Counsel, Ford Motor Company, for the
defendant.

Before: CAVANAGH, P.J., and MacKENZIE and
GRIFFIN, JJ.

PER CURIAM. This is a wrongful discharge case.
Plaintiff alleges that he was fired from his job with
defendant in violation of an alleged contract of
employment prohibiting his discharge absent just
cause. The circuit court entered summary disposi-
tion in favor of defendant pursuant to MCR
2.116(C)(10), and plaintiff now appeals as of right.
We affirm.

Plaintiff worked for defendant for twenty-three
years before he was fired in March of 1988. Plain-
tiff began working for defendant in 1965 in an
hourly and union-represented position. In 1968,
plaintiff was offered a transfer to a salaried posi-
tion as a nonunion supervisor. Before accepting
the transfer, plaintiff inquired whether he would
be afforded the same job protection that he had
received in his union position. Plaintiff claims that
defendant promised him that he would receive the
same type of protection and that he could only be
discharged for just cause and only after progres-

sive disciplinary measures were followed. However, upon accepting the transfer, plaintiff signed an employment agreement containing the following provisions:

> I understand that my employment is not for any definite term, and may be terminated at any time, without advance notice, by either myself or Ford Motor Company; that my employment is subject to such rules, regulations, and personnel practices and policies, and changes therein, as Ford Motor Company may from time to time adopt; and that my employment shall be subject to such layoffs, and my compensation to such adjustments, as Ford Motor Company may from time to time determine.
>
> * * *
>
> I acknowledge that the terms contained herein are the entire terms of my employment agreement, that there are no other arrangements, agreements, or understandings, verbal or in writing, regarding my present or future employment with Ford Motor Company and that any purported arrangements, agreements or understanding made in the future shall not be valid unless evidenced by a writing signed by a properly authorized representative of Ford Motor Company.

In granting summary disposition, the circuit court ruled as a matter of law that the contract provided for employment at will. The court further ruled that none of the additional documentation offered by plaintiff was sufficient to create an implied agreement to terminate only for cause. On appeal, plaintiff contends that this ruling was erroneous because genuine issues of material fact exist. After thorough review, we find no merit to any of plaintiff's arguments.

At the outset, we reject plaintiff's argument that the provisions of the employment agreement were

not fully disclosed. Although the document plaintiff signed contains additional provisions regarding medical insurance, withholding allowances, and the like, the section captioned "Employment Agreement" is plainly disclosed and appears directly above plaintiff's signature on the back side of the form. The trial court correctly observed that one who signs a contract cannot seek to avoid it on the bases that he did not read it or that he supposed that it was different in its terms. *Paterek v 6600 Limited,* 186 Mich App 445, 450; 465 NW2d 342 (1990); *Moffit v Sederlund,* 145 Mich App 1, 8; 378 NW2d 491 (1985).

The express terms of the contract also serve to negate plaintiff's claim that a just-cause contract exists on the basis of oral representations made before his acceptance of the transfer. This Court has expressly observed that the language at issue provides for employment terminable at will. See *Schipani v Ford Motor Co,* 102 Mich App 606, 610-611; 302 NW2d 307 (1981). Thus, by signing the contract, plaintiff assented to employment at will, and he cannot maintain an action based on prior oral assurances. See *Scholz v Montgomery Ward & Co, Inc,* 437 Mich 83, 92-93; 468 NW2d 845 (1991).

We turn now to what appears to be the crux of plaintiff's wrongful discharge claim. As noted above, the contract language providing for termination "at any time, without advance notice," creates employment at will. However, the contract further states that plaintiff's employment "is subject to such rules, regulations, and personnel practices and policies, and changes therein, as Ford Motor Company may from time to time adopt." Plaintiff submits that this language incorporates by reference numerous other documents that "qualify" the at-will relationship and give rise to the inference that plaintiff had a legitimate expec-

tation that he could be terminated only for just cause. We disagree with plaintiff's argument.

In his brief, plaintiff relies on several employment manuals that he claims imply the existence of job security. Significantly, however, plaintiff has not pointed out statements within these documents specifically relating to termination only for just cause. Instead, plaintiff relies primarily on a document entitled "Industrial Relations Administration Manual." This document is approximately twenty-five pages in length and contains extensive and detailed procedures governing employee discipline. Many of these procedures contain mandatory language that the procedures must be employed before an employee can be discharged.

Recently in *Biggs v Hilton Hotel Corp,* 194 Mich App 239; 486 NW2d 61 (1992), this Court squarely addressed the issue whether an employer's adoption of disciplinary guidelines transforms an at-will employment relationship into one prohibiting discharge absent just cause. Applying the Supreme Court's recent decision in *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627; 473 NW2d 268 (1991), this Court held that an employer could promulgate disciplinary procedures without altering the at-will status of its employees. In pertinent part, the panel in *Biggs* explained at 241-242:

> The fact that defendant had established a disciplinary system for its employees and, apparently, *obligated plaintiff to abide by that disciplinary system in dealing with his subordinates* does not establish unequivocally plaintiff's position that he was a just-cause employee rather than an at-will employee. Certainly, it is not unreasonable to expect that an employer, particularly one such as defendant that employs a large number of individuals, would want a systematic method of dealing with its employees and would provide a consistent

set of guidelines under which its managers would deal with subordinates. *This does not mean that by doing so an employer establishes just-cause employment rather than at-will employment. The concept of at-will employment means not only that the employer, if it so chooses, may provide a disciplinary system and may terminate only for cause, but also that the employer may terminate for any other reason if the employer believes that that is in the best interests of the employer.* Indeed, in this respect, we once again return to *Rowe* and note that even in *Rowe* the employer had created a disciplinary system for dealing with its employees, but the Supreme Court nevertheless concluded that the employee could not harbor any legitimate expectation of a policy of discharge for cause by the employer. *Id.* at 651. [Emphasis added.]

We find *Biggs* applicable to the present case. We conclude that by simply adopting disciplinary procedures applicable to salaried employees such as plaintiff, defendant did not alter the at-will relationship created when plaintiff signed the employment contract in 1968.[1] Accordingly, we conclude that the trial court did not err in granting summary disposition on the basis that plaintiff was an at-will employee.

Furthermore, even assuming a jury could find that defendant's disciplinary policy constituted a contract prohibiting termination absent just cause, we conclude that plaintiff has failed to show the existence of a genuine issue of material fact re-

---

[1] Plaintiff's reliance upon *Schippers v SPX Corp (On Remand),* 194 Mich App 52; 486 NW2d 89 (1992), lv gtd 441 Mich 881 (1992), is misplaced. Unlike the present case and *Rowe, supra,* the express contract in *Schippers* did not establish an at-will employment relationship:

On the other hand, the handbook in this case did not, as did the handbook in *Rowe,* clearly and unambiguously notify plaintiff of any policy of termination at will. [*Schippers, supra* at 56.]

garding whether defendant breached the contract in terminating plaintiff. Plaintiff submits that defendant failed to follow thoroughly all of the detailed procedures outlined in the manual before terminating him. However, the manual does not require meticulous compliance in every instance. In pertinent part, the manual states:

> Many cases will involve events that are clear cut and all the facts can be developed from established incidents or documents that make the circumstances self-evident and irrefutable. Others will require varying degrees of intensity of investigation.
>
> * * *
>
> There is no template or formula for measuring the degree of penalty since each case has its distinguishing characteristics. Fairness, consistency, and common sense control in dictating the prescribed penalties.

In the present case, plaintiff was fired after he admitted circumventing defendant's purchasing procedures and directing Ford's business to certain suppliers he favored. Upon investigation, defendant concluded that plaintiff's actions constituted gross misconduct and a breach of his fiduciary relationship to the company. Plaintiff's own exhibit "F" attached to his brief indicates that he was fired with proper management approval. We conclude that defendant complied with its procedures and was therefore properly awarded summary disposition. See *Hale v Comerica Bank-Detroit,* 189 Mich App 382, 384-385; 473 NW2d 725 (1991).

Finally, plaintiff argues that the trial court erred in dismissing his claim for intentional infliction of emotional distress. We disagree. Damages

for intentional infliction of emotional distress are not recoverable in an action for breach of an employment contract. *Mourad v Automobile Club Ins Ass'n,* 186 Mich App 715, 731; 465 NW2d 395 (1991). Furthermore, the conduct alleged to have occurred is not so outrageous that it goes beyond all possible bounds of decency. See generally *Meek v Michigan Bell Telephone Co,* 193 Mich App 340, 346-347; 483 NW2d 407 (1992).

Affirmed.