25 F.3d 1047
 10 IER Cases 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald E. BAILEY, Plaintiff-Appellant,
v.
DOVER ELEVATOR COMPANY, Defendant-Appellee.
 No. 93-1493.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 Before: JONES, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Donald E. Bailey appeals from the district court's grant of summary judgment to defendant Dover Elevator Company on Bailey's wrongful discharge claim. For the reasons which follow, we AFFIRM.
 
 I.
 
 2
 Plaintiff began working for defendant Dover in 1980. Plaintiff claims that on October 10, 1992, he was forced to resign by supervisors George Van Der Schow and David Hey after they confronted him with an invoice from one of defendant's suppliers, Metro Welding Supply, for nitrous oxide, a product which Dover did not use. Plaintiff approved the invoice for payment by Dover, and told the supplier that Dover needed nitrous oxide for a research project. In actuality, plaintiff intended to use the gas for his own recreation. Van Der Schow told plaintiff that Dover was concerned that obtaining nitrous oxide under false pretenses could jeopardize Dover's relationship with the supplier. Plaintiff admits that he approved the invoice, but maintains that he did nothing wrong in that nitrous oxide is not a controlled substance and therefore his conduct could not have violated Dover's drug policy. Apparently, it was standard procedure for supervisory personnel to order items and pay the invoice personally, which plaintiff did, after being confronted by his supervisors.
 
 
 3
 Plaintiff brought suit in state court, claiming that he was wrongfully (constructively) discharged without cause.[1] Defendant removed the action to federal court on diversity grounds. The district court granted summary judgment to Dover, holding that plaintiff failed to create an issue of fact on whether his employment with Dover was "at-will." This appeal followed.
 
 II.
 
 4
 Grants of summary judgment are reviewed de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate when the pleadings, affidavits, and other submissions demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review a district court's interpretation of state law de novo. Salve Regina College v. Russell, 499 U.S. 225 (1991).
 
 
 5
 In Michigan, employment contracts of indefinite duration are presumed to be at-will. Rowe v. Montgomery Ward & Co., 473 N.W.2d 268, 271 (Mich.1991); Lynas v. Maxwell Farms, 273 N.W. 315 (Mich.1937). This presumption can be overcome, however, by proof of an express agreement to the contrary, oral or written, which proceeds under a contract theory, or by proof of a promise implied-in-fact arising from the employer's established policies and procedures, which is based on a "legitimate expectations" theory. See Rowe, 473 N.W.2d at 271-72; Toussaint v. Blue Cross & Blue Shield of Michigan, 292 N.W.2d 880 (Mich.1980).
 
 
 6
 In support of his claim that he had an implied-in-fact contract to be terminated for just cause only, plaintiff points to (1) assurances from Dover's president John Apple concerning job security; and (2) Dover's progressive disciplinary policy, of which he was aware in his capacity as manager and supervisor. We note first, that although plaintiff attaches the "legitimate expectations" label to his claim, the alleged assertions by Apple and others are more properly analyzed under the contract theory. See Barnell v. Taubman Co., 512 N.W.2d 13, 17 (Mich.App.1993). We agree with the district court that plaintiff's evidence does not create a genuine issue regarding the nature of plaintiff's employment contract sufficient to rebut the presumption that his employment was "at-will."
 
 
 7
 In his brief, plaintiff claims that shortly after he was hired, he had a conversation with Apple that centered on "BAILEY's job security and his aspirations with DOVER." Plaintiff further claims that, when he questioned Apple as to the security of his job and the longevity of his employment with Dover, Apple allayed his concerns by promising "that as long as BAILEY performed his job satisfactorily, he would enjoy continued employment with DOVER, and could only be discharged for good cause."
 
 
 8
 Plaintiff's burden of production on a Rule 56 motion is not satisfied, however, solely by assertions in his pleadings, Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1028 (6th Cir.1992), and his affidavit[2] and deposition testimony fail to create a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Plaintiff's affidavit merely states that:
 
 
 9
 During his twelve (12) year tenure with the Defendant company, he had numerous conversations with his immediate supervisors, including the past President of the company, John Apple, and in each instance was promised that as long as he did his job satisfactorily at DOVER that he would have a job at DOVER.
 
 
 10
 (J.A. at 117.) Plaintiff's deposition testimony provides:
 
 
 11
 Q. Tell me that entire conversation.
 
 
 12
 A. The conversation started out with him [Apple] just asking what I wanted to do at Dover. I had been there two years and a couple of months as a salesman.
 
 
 13
 Q. Okay.
 
 
 14
 A. I responded that some day I would like to have your job.
 
 
 15
 Q. Okay.
 
 
 16
 A. And he responded that that was entirely possible, that more than one person had worked from the bottom to the top in Dover Elevator Company, and that's the--that so long as I did my job well, I could enjoy continued employment with Dover Elevator Company and could very possibly become president.
 
 
 17
 (J.A. at 68-69.)
 
 
 18
 In Rowe, the Michigan Supreme Court held that "oral statements of job security must be clear and unequivocal" to overcome the presumption of employment at-will, Rowe, 473 N.W.2d at 275, and that the statements must arise in the context of preemployment negotiations or in response to specific inquiries of job security. See id. at 274. The statements offered by Bailey do not measure up to this standard. See Rood v. General Dynamics Corp., 507 N.W.2d 591, 599-600 (Mich.1993) (employer's statements that employee would be with company until retirement "unless something really was wrong" and that as long as employer had a truck, plaintiff would be the driver did not create inference of agreement for just-cause employment); Rowe, 473 N.W.2d at 268 (statements made to plaintiff at initial interview that as long as plaintiff sold, she would have a job at Montgomery Ward did not clearly indicate an intent to form a just-cause employment relationship); Barber v. SMH (US), Inc., 509 N.W.2d 791, 795 (Mich.App.1993) (per curiam) (statements made during preemployment negotiations with representatives of defendant that plaintiff would be employed "as long as he was profitable and doing the job," did not give rise to just-cause claim where plaintiff did not specifically assert that the promise was made in response to plaintiff's articulated concerns that he be terminated for just cause only). Cf. Diggs v. Pepsi-Cola Metro. Bottling Co., 861 F.2d 914, 918 (6th Cir.1988) (court could reasonably have concluded that plaintiff's express concern that defendant "could come in and arbitrarily dismiss us for no apparent reason" along with manager's direct response to his inquiry about job security were enough to establish just-cause contract; pre-Rowe ). Rather, the objective evidence reveals that what plaintiff received were, at best, expressions of " 'an optimistic hope of a long relationship.' " See Rowe, 473 N.W.2d at 273 (quoting Carpenter v. American Excelsior Co., 650 F.Supp. 933, 936 n. 6 (E.D.Mich.1987)).
 
 
 19
 The only evidence presented on appeal of Dover's progressive discipline policy is plaintiff's references to the policy in his affidavit. (J.A. at 117.) Even if we take plaintiff's assertions as true, the progressive discipline policy fails to create an issue of fact under a "legitimate expectations" theory because there is no proof that defendant made any representations that an employee could only be discharged after the procedures had been followed. See Baggs v. Eagle-Picher Indus., Inc., 957 F.2d 268, 271-72 (6th Cir.) (employee handbook providing for fair treatment and a progressive discipline system did not create jury question as to whether plaintiff could be discharged only for cause because handbook never expressly stated that employees would be discharged only for cause; relying on Rowe ), cert. denied, 113 S.Ct. 466 (1992); Biggs v. Hilton Hotel Corp., 486 N.W.2d 61, 63 (Mich.App.1992) (fact that defendant had established disciplinary system for its employees and required plaintiff to abide by it in his dealings with subordinates did not unequivocally establish plaintiff's position that he was a just-cause employee; also relying on Rowe ). Summary judgment on this basis was proper.
 
 
 20
 Moreover, the record indicates that Dover had just cause to fire plaintiff. Plaintiff admittedly committed the misconduct for which he was terminated; admittedly lied to the vendor about the reason for the purchase, thereby potentially jeopardizing Dover's relationship with the vendor; and then lied--at least initially--to his supervisors when confronted by them. Thus, summary judgment on this basis was appropriate as well. See Rush v. United Technologies, Otis Elevator Div., 930 F.2d 453, 455 (6th Cir.1991). The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Defendant concedes, for purposes of this appeal, that its actions amounted to "constructive discharge."
 
 
 [2]
 Despite defendant's assertion that plaintiff's affidavit does not satisfy the requirements of Fed.R.Civ.P. 56, plaintiff signed and swore to his affidavit thereby satisfying the requirements