PEPPERMAN v AUTOMOBILE CLUB OF MICHIGAN INSURANCE
GROUP

Docket No. 112829. Submitted October 17, 1989, at Detroit. Decided
December 18, 1989.

Ross I. Pepperman, who under a written employment contract
had been employed as a general agent of Auto Club Insurance
Association, brought in the Wayne Circuit Court an action for
wrongful discharge against Automobile Club of Michigan Insur-
ance Group and several of its affiliated insurance companies.
Plaintiff claimed breach of contract, violation of public policy
and promissory estoppel. Defendants moved for summary dispo-
sition, contending that, under the terms of the employment
contract, plaintiff's employment was terminable at will. The
court, Lucile A. Watts, J., denied the motion, ruling that the
determination whether plaintiff's employment was terminable
at will or for cause involved factual questions. Defendants
appealed by leave granted.

The Court of Appeals *held:*

An employer is free to enter into employment contracts
terminable at will without assigning cause. An employer who
does not agree to job security may protect itself by entering
into a written contract which explicitly provides that the
employee serves at the pleasure or at the will of the employer.
In this case, the contract between plaintiff and defendants
clearly provides for employment that is terminable at will.
Additionally, the contract's integration and nonmodification
clauses negate plaintiff's claim that his branch manager had
indicated otherwise. The trial court therefore erred in denying
summary disposition in favor of defendants on the breach of
contract claim.

Reversed.

MASTER AND SERVANT — EMPLOYMENT CONTRACTS — TERMINATION.
An employer is free to enter into employment contracts termina-

REFERENCES

Am Jur 2d, Master and Servant §§ 43, 48.3, 48.5.
Modern status of rule that employer may discharge at-will em-
ployee for any reason. 12 ALR4th 544.

ble at will without assigning cause; an employer who does not agree to job security may protect itself by entering into a written contract which explicitly provides that the employee serves at the pleasure or at the will of the employer.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *John Corbett O'Meara, Thomas G. Kienbaum* and *Danna M. Kozerski*), for defendants.

Before: McDonald, P.J., and Michael J. Kelly and Murphy, JJ.

McDonald, P.J. Defendants appeal by leave granted the September 12 and October 12, 1988, decision and order denying their motion for summary disposition in this wrongful discharge case. We reverse.

Plaintiff was employed by defendants in December, 1972, as a commissioned sales representative. In 1983 plaintiff accepted an offer of the newly created position of general agent. Plaintiff remained a general agent until his April 14, 1987, termination by defendants. Plaintiff thereafter filed the instant action claiming wrongful discharge based on breach of employment contract, violation of public policy and promissory estoppel. Defendants moved for summary disposition, alleging in part that plaintiff's employment was terminable at will. The trial court denied the motion, finding the determination whether plaintiff's employment was terminable at will or for cause involved factual questions. We disagree.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim. After reviewing the pleadings, affidavits, depositions and other available documentary evidence in a light most favorable to the nonmovant, the court must determine whether a record might be developed which will leave open an issue upon

which reasonable minds could differ. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619; 425 NW2d 480 (1988). An employer is free to enter into employment contracts terminable at will without assigning cause. An employer who does not agree to job security may protect itself by entering into a written contract which explicitly provides that the employee serves at the pleasure or at the will of the employer. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980).

The instant plaintiff's employment agreement stated in part:

> The Company and the Employee agree that his/her employment can be terminated with or without cause, at any time at the option of either the Company or the Employee by written notice delivered in person or mailed by ordinary mail to the last known post office address of the other party.
>
> \*   \*   \*
>
> This agreement constitutes the entire agreement between the Company and the Employee, and it shall not be altered or amended except by an agreement in writing signed by the Employee and the Company president's designated representative.
>
> This agreement supersedes all prior agreements, if any, whether oral or written, between the Company and the Employee, and all other employment contracts, if any, whether oral or written, between the Employee and the Company are cancelled. All compensation which otherwise may have been payable to the Employee under former contracts with the Company, if any, whether oral or written, is waived by the Employee.
>
> No representative of the Company, other than the Company President's designated representative, has any authority to enter into any agreement for employment for any specified period of time, or to enter into any agreement regarding the

payment or entitlement to compensation, or to enter into any agreement contrary to any of the terms set forth in this Agreement.

We believe this language explicitly created an at will employment contract. Moreover, the nonmodification clauses of the contract negate plaintiff's allegations of subsequent contrary oral assertions made by his branch manager. See *Eliel v Sears, Roebuck & Co,* 150 Mich App 137; 387 NW2d 842 (1985).

Given the express terms of plaintiff's employment contract, we find erroneous the trial court's failure to grant summary disposition in favor of defendants on plaintiff's breach of contract claim. We decline to address defendants' remaining claims as this Court's review is limited to issues actually decided by the trial court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269; 418 NW2d 455 (1987).

Reversed.