## WEBB v FIRST OF MICHIGAN CORPORATION

Docket No. 134608. Submitted May 6, 1992, at Grand Rapids. Decided May 27, 1992; approved for publication August 13, 1992, at 9:10 A.M.

Greg and Mary Webb brought an action in the Kalamazoo Circuit Court against First of Michigan Corporation, alleging that they were induced to make a bad investment as a result of fraudulent representations by the defendant's agent regarding the risks involved and the income potential of the investment. The court, Donald M. Goodwillie, Jr., J., granted summary disposition for the defendant. The plaintiffs appealed.

The Court of Appeals *held:*

1. The agent's statement regarding the rate of return the investment would generate was a promise of future benefit that, by law, cannot constitute fraud.

2. The agent's statement that the investment was risk-free was one of past or existing fact and thus could form the basis of fraud. However, there is no fraud where, as in this case, the means of knowledge regarding the truthfulness of the representation are available to the plaintiffs and the degree of their utilization is not prohibited by the defendant. The plaintiffs cannot claim to have been defrauded where they had available to them information regarding the truthfulness of the representations and chose to ignore it.

Affirmed.

FRAUD — MISREPRESENTATION.

An alleged misrepresentation will not support an action for fraud where the means of knowledge regarding the truthfulness of the representation are available and the degree of their utilization is not circumscribed; a plaintiff who ignores available information cannot claim to have been defrauded.

REFERENCES

Am Jur 2d, False Pretenses §§ 51, 54, 55; Fraud and Deceit §§ 448, 479.

See the Index to Annotations under False Pretenses; Fraud and Deceit.

*Gemrich, Moser, Bowser, Fette & Lohrmann* (by *Scott Graham*), for the plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Michael P. Coakley* and *Kathryn L. Ossian*), for the defendant.

Before: HOOD, P.J., and CONNOR and R. C. KAUFMAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order granting defendant's motion for summary disposition, apparently pursuant to MCR 2.116(C)(10). We affirm.

This is a case of an investment gone bad. In July 1983, plaintiffs invested $40,000 from a lump-sum workers' compensation benefits settlement in the Damson 1983-84 Oil and Gas Income Fund, a limited partnership, on the advice of Steven Malmquist, a broker at defendant, First of Michigan Corporation. Plaintiff Greg Webb testified in a deposition that he made the investment because of the representation that it was risk-free and would yield at least eighteen percent interest. In the months following their investment, plaintiffs became concerned that performance was not as had been "guaranteed." On several occasions, plaintiffs spoke with Roger Prince, the broker who took over the account from Malmquist. On these occasions, they expressed concern about the soundness of the investment. At no time, however, did plaintiffs decide to terminate the investment, but, rather, they played the odds to see what the future would bring. By 1989, plaintiffs' investment decreased in value to such an extent that it could be classified as worthless, prompting them to file this action.

Plaintiffs' complaint named broker Steven

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Malmquist as a party, in addition to defendant corporation. Malmquist was never served, however, and thus is not a party to this appeal. Rather than file an answer, defendant First of Michigan moved for summary disposition of the four-count complaint. The trial court granted the motion with regard to plaintiffs' fourth claim, which alleged a violation of the Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.*, but denied the motion without prejudice with regard to the remaining claims, which alleged fraud and misrepresentation, unsuitability of investment, and breach of an implied contract. In so ruling, the trial court indicated that material issues of fact existed regarding whether plaintiffs ratified the actions of defendant's agents by retaining their investment in spite of indications that it was not performing as promised.

Upon completion of discovery, defendant renewed its motion for summary disposition with regard to the remaining three counts pursuant to MCR 2.116(C)(7) and (10), arguing that there existed no factual dispute that plaintiffs had ratified the alleged prior misdeeds of Steven Malmquist. The trial court agreed and granted the motion.

On appeal, plaintiffs contend that a genuine issue of fact does exist regarding whether their conduct constitutes ratification such that summary disposition should have been denied. Even were we to agree with plaintiffs that summary disposition based on ratification was improper, we nonetheless conclude that the trial court reached the correct result in dismissing the complaint, but for different reasons.

A review of plaintiffs' complaint indicates that their claims against defendant are based on events surrounding the initial investment in Damson Oil

and Gas. The essence of the complaint is one for fraud occurring when plaintiffs were deciding on an investment strategy. They claim that they had been misinformed about the nature of the risks involved and the interest potential of the Damson investment opportunity. Plaintiff Greg Webb testified in a deposition that Malmquist stated that the investment was "risk-free" with a "guaranteed" eighteen percent interest return rate. Plaintiffs alleged that these statements were knowingly false when made and were made with the intent that plaintiffs make their investment in reliance upon them.

In general, to constitute actionable fraud plaintiffs must establish that (1) defendant made a material representation; (2) it was false; (3) when it was made defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) defendant made it with the intent that it should be acted upon by plaintiff; (5) plaintiff did act in reliance upon it; and (6) plaintiff thereby suffered injury. *Hi-Way Motor Co v Int'l Harvester Co,* 398 Mich 330, 336; 247 NW2d 813 (1976), quoting *Candler v Heigho,* 208 Mich 115, 121; 175 NW 141 (1919).

Viewing the facts most favorably to plaintiffs, there appears to be no dispute that defendant, through its broker Steven Malmquist, made representations regarding the nature of the risk involved and the return investment "guaranteed." The question becomes, however, whether these statements relate to past or existing facts and are thus actionable, or whether they relate to a future promise or expectation that does not constitute fraud. See *Hi-Way Motor Co, supra.* With this in mind, we have little difficulty concluding that the statement regarding the eighteen percent interest return rate was nothing more than a promise of

future benefit that cannot, by law, constitute fraud.

The statement that the investment was "risk-free," however, is more problematic. In the context in which it was made, the statement by the investment broker has the appearance of a mere expression of professional opinion or of "puffing," neither of which would be actionable. See *Hayes Construction Co v Silverthorn,* 343 Mich 421, 426; 72 NW2d 190 (1955); *Van Tassel v McDonald Corp,* 159 Mich App 745, 750-753; 407 NW2d 6 (1987). Giving the benefit of doubt to plaintiffs, as required, we find that under the circumstances the statement was one of past or existing fact and thus could form the basis of a fraud claim. Nevertheless, there can be no fraud where the means of knowledge regarding the truthfulness of the representation are available to the plaintiff and the degree of their utilization has not been prohibited by the defendant. *Schuler v American Motors Sales Corp,* 39 Mich App 276, 279-280; 197 NW2d 493 (1972). See also *Van Tassel, supra.* Here, plaintiffs acknowledged receipt of the Damson 1983-84 Oil and Gas Income Fund prospectus and agreement to its terms by signing the subscription agreement form before making their initial investment. The subscription agreement and power of attorney form states that the person signing "warrants, represents, covenants and agrees" that the "undersigned" "understands the nature of the risks involved" in the investment and "the financial hazards involved in the offering, including the speculative nature of the investment and the risk of losing the undersigned's entire investment." Further, the front page of the prospectus states that the investment involves special risks and that the reader should consult the risk factors section. Beginning on page four of the prospectus, the risk

factors involved are explained in detail and cover 3½ pages. Even a cursory review of any of these documents would have enlightened plaintiffs that the investment was not "risk free" as represented by the broker. Accordingly, we hold that plaintiffs cannot claim to have been defrauded when they had information available to them that they chose to ignore.

We affirm the order of the trial court dismissing plaintiffs' complaint for the reasons expressed above. Under the circumstances, we find it unnecessary to address the issue of ratification.

Affirmed.