In re **AUTO SPECIALTIES MANUFAC-TURING COMPANY, Debtor.**

James W. **BOYD, Trustee, Plaintiff,**

v.

Benjamin G. **SACHS and Manufacturers National Bank of Detroit, Defendants.**

No. 1:93–CV–138.
Bankruptcy No. SK 88–03095.
Adv. No. 88–0527.

United States District Court,
W.D. Michigan, S.D.

April 26, 1993.

Drew, Cooper & Anding (John E. Anding, and Christopher G. Hastings, briefed) Grand Rapids, MI, for plaintiff trustee.

Varnum, Riddering, Schmidt & Howlett (Jeffrey R. Hughes, briefed) Grand Rapids, MI, for defendant Mfrs. Nat. Bank of Detroit.

Garatt & Evans, P.C. (Mark D. Evans, briefed) Bloomfield Hills, MI, for defendant Benjamin G. Sachs.

James Boyd, trustee.

## *OPINION*

ROBERT HOLMES BELL, District Judge.

On February 22, 1993, United States Bankruptcy Judge Jo Ann Stevenson issued an Opinion and Order Granting Manufacturers National Bank of Detroit's Motion for Partial Summary Judgment; and Combined Report and Recommendation and Opinion and Order Denying in Part and Granting in Part Benjamin G. Sachs' Motion for Partial Summary Judgment. To the extent the opinion and order deals with core bankruptcy claims, it is not before this Court. At this stage of the proceedings, this Court's only concern is with the non-

core claims addressed in the Report and Recommendation ("R & R").

In the R & R the bankruptcy court recommended that Sachs' motion for partial summary judgment be granted as to the fraud count and denied as to the breach of contract and breach of fiduciary duty counts. Objections to the R & R have been filed by Plaintiff Trustee and by Defendant Sachs.

■ When a bankruptcy judge submits proposed findings of fact and conclusions of law in non-core proceedings, the district court, before entering a final order or judgment, must consider the proposed findings and conclusions and review de novo those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c). *See also* Fed.R.Bankr.P. 9033(d).

## I. *Fraud Claim*

The Trustee objects to that portion of the R & R which grants Sachs' motion for summary judgment on the Trustee's claim of actual, common-law fraud. The Trustee contends that the bankruptcy judge ignored Michigan case law which provides that fraudulent intent may be established by inference, and ignored ample evidence which, if credited by the fact finder, allows that inference.

The Trustee misconstrues the R & R. The bankruptcy court did not hold the Trustee to a burden of coming forward with direct evidence of fraudulent intent. In fact, the bankruptcy court specifically considered remarks from which the Trustee suggested an inference might be made. The bankruptcy court, however, found they were not sufficiently probative.

In his second objection the Trustee contends that while there is no actual evidence of Sachs' intent, there is sufficient circumstantial evidence which, under the authority of *Rutan v. Straehly*, 289 Mich. 341, 348–49, 286 N.W. 639 (1939), is sufficient to preclude entry of summary judgment. The Trustee faults the bankruptcy court for

ignoring ample evidence which, he claims, if credited by the jury, allows the inference of fraudulent intent. Specifically, the Trustee faults the bankruptcy court for only considering 2 of the relevant facts of record.[1] The Trustee lists 4 additional facts which, he claims, in conjunction with the 2 analyzed by the bankruptcy court, are sufficient to support an inference of fraudulent intent.

■ This Court is surprised by the Trustee's argument. The only evidence on the issue of fraud brought forward by the Trustee in opposition to Sachs' motion for summary judgment before the bankruptcy court is found in a footnote:

> The evidence supporting this claim is amply set forth in Ausco's Response to Manufacturers' Motion for Summary Judgment, and includes Sachs' admissions that his mandate was to "end the relationship with the Bank [and] get whatever he could for himself" (J. Tiscornia dep, Volume XX, pp. 2507–08), and that his bonus would come from "the hides of the creditors," and Sachs' written agreement linking his compensation not to helping Ausco, but to helping the Bank. As Sachs' Brief simply ignores any evidentiary analysis, an extended discussion of this evidence is not necessary here.

*AUSCO's Brief in Opposition to Benjamin Sachs' Motion for Summary Judgment* at 15 n. 11. The Trustee's general citation to a 55 page brief on in response to a motion filed by the Bank regarding different issues, was not sufficient to put the bankruptcy court on notice of the facts the Trustee was relying on in support of the fraudulent claim. While the referenced brief speaks generally of Sachs' "misdeeds", it does not directly address the issue of Sachs' alleged fraud, intent, and it does not enumerate the 6 allegations of fact the Trustee points to now. It is not sufficient for the Trustee to now claim that somewhere, within the voluminous record,

---

1. The statements considered were one attributed to Bank employee James Embree that the Bank wanted its debt retired and that after that was accomplished Sachs was free to get what he could for himself, and a statement allegedly made by Sachs to Edward Tiscornia that his bonus was going to come out of the hides of AUSCO's creditors.

there was evidence sufficient to create a genuine issue of fact.

A trial court is not required to speculate on which portion of the record the non-moving party relies. *United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir.1993). Neither does it have a duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir.1989)). The non-moving party bears the burden of designating specific facts showing there is a genuine issue for trial. F.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The designated portions of the record must be presented with enough specificity that the court can readily identify the facts upon which he relies. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990).

Moreover, even if on review of the R & R this Court were to consider the newly supplied designation of relevant evidence, the Court would still find that there is insufficient evidence to identify a genuine issue of material fact on the issue of fraud.

The elements of fraud are set forth in *Hi–Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 247 N.W.2d 813 (1976):

> The general rule is that to constitute actionable fraud it must appear: (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Id.* at 336, 247 N.W.2d 813 (quoting *Candler v. Heigho*, 208 Mich. 115, 121, 175 N.W. 141 (1919)). Each of these six elements must be proved by clear and convincing evidence. *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 285 (6th Cir.1990).

In order to prevail on Sachs' motion for summary judgment, the Trustee has the burden of showing the existence of sufficient evidence to create a genuine issue of material fact. *See Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Where, as here, the nonmoving party faces a heightened burden of proving his claim by clear and convincing evidence, the court must examine the evidence and determine whether a jury could find for the plaintiff under this more stringent standard. *Klepper v. First American Bank*, 916 F.2d 337, 342 (6th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986)). Where the allegation is fraud, summary judgment may be granted unless there is sufficient probative evidence produced which, if believed, would clearly and convincingly establish fraud. *White v. Turfway Park Racing Assn.*, 909 F.2d 941, 946 (6th Cir.1990).

To establish fraud, the statements alleged to be false must relate to past or existing facts, and not to a future promise or expectation. *Hi–Way*, 398 Mich. at 338–39, 247 N.W.2d 813; *Webb v. First of Michigan Corp.*, 195 Mich.App. 470, 473, 491 N.W.2d 851 (1992). There is an exception to this rule where the future promise was made in bad faith, without a present intent to perform. *Hi–Way*, 398 Mich. at 339, 247 N.W.2d 813.

Although to date neither the Trustee nor AUSCO has stated with particularity the specifics of the fraud claim, the heart of AUSCO's fraud claim against Sachs is that Sachs' implied and express promises to act in AUSCO's interest concealed his secret agenda to retire Manufacturers' debt and line his own pockets. *See AUSCO's Brief in Opposition to Benjamin Sachs' Motion for Summary Judgment* at pp. 14–15. The Trustee contends that in addition to the two facts considered by the bankruptcy court, other facts support the inference of intent to defraud, including the following:

(3) Within a year of the time Sachs unequivocally stated he had no interest in acquiring an equity position in Ausco, he struck out to do exactly that (See Sachs Exhibit 20);

(4) Despite Sach's [sic] contractual promise to perform "faithfully, diligently and to the best of [his] ability" to solve Ausco's cash flow problem, he soon embarked upon a campaign which by its terms was designed to divert that very cash flow to both Manufacturers *and himself,* thus creating a "cash crisis" (Steube Affidavit, Plaintiff's Exhibit 18, ¶s 4, 9–12);

(5) Despite Sachs' promise to serve Ausco's interests, he demanded an outrageous bonus which led to a deal with Ausco and the Bank which the Bank frankly recognized "incentified" Sachs not for meeting Ausco's goals but for meeting the Bank's (Plaintiff's Exhibit 15); and

(6) Although Sachs never formulated nor implemented a "turnaround plan" (the very thing the AD Little Report, Manufacturers' Exhibit 139, and his successor CEO Donald Steube, Steube Affidavit, Plaintiff's Exhibit 18, ¶s 6 and 8, agree was his first step), he quickly began demanding increases in his own compensation.

*Brief in Support of Trustee's Objections to Report and Recommendation* at pp. 4–5 (footnote omitted) (emphasis in original).

The Court does not find these "proofs" sufficient. Preliminarily, the evidence is not sufficiently contemporaneous with Sachs' promises to act in AUSCO's interests to establish that he had no intention of fulfilling his promises at the time he made them. *See Hi–Way*, 398 Mich. at 338–39, 247 N.W.2d 813; *Gorman v. Soble*, 120 Mich.App. 831, 840–41, 328 N.W.2d 119 (1982).

In addition, the assertions are not well supported by the cited evidence. Sachs' Exhibit 20, cited in support of the proposition that Sachs struck out to acquire an equity position in AUSCO, is a copy of the second employment agreement. That agreement does not mention Sachs' acquisition of an equity position in AUSCO. In fact, Sachs never obtained an ownership interest in AUSCO.

The Steube affidavit, cited for the proposition that Sachs embarked upon a campaign which by its terms was designed to divert cash flow to both Manufacturers and himself, merely states that Sachs did not take steps consistent with those of a qualified turnaround specialist. It does not cite facts from which it can be inferred that Sachs' actions at AUSCO were part of a fraudulent campaign intended to divert cash flow to himself.

The Bank incentification memorandum, Plaintiff's Exhibit 15, and Sachs' bonus demand is not evidence of a fraudulent intent not to perform his duties to AUSCO. AUSCO was aware of both the bonus and the its link to the retirement of the Bank's debt. The bankruptcy court's analysis of the statement regarding creditors hides applies to this bonus issue as well. Either the bonus does not show fraudulent intent, or, if it does, AUSCO's knowledge of the link between the bonus and the retirement of the Bank's debt makes any reliance by AUSCO unreasonable.

Whether or not Sachs failed to formulate a turnaround plan appears to be a question of fact for trial. However, even if Sachs failed to formulate a turnaround plan, that failure, accompanied by a demand for increases in his compensation, is not very probative of an intent not to act in AUSCO's interests.

In *Rutan* the plaintiff produced no proof of the defendant's intent at the time of the alleged fraudulent transaction. Nevertheless, the court found the evidence sufficient to show fraudulent intent:

[T]he facts and circumstances of the case justify but one reasonable inference; that is, that defendant's promise was the device used to accomplish the fraud which consisted of obtaining his own notes from plaintiff and promising, but failing to give her any obligation of value in return.

*Id.* 289 Mich. at 349, 286 N.W. 639.

The key to *Rutan* was that the facts and circumstances of the case justified but one

reasonable inference. Unlike the evidence in *Rutan,* fraudulent intent is not a reasonable inference to be drawn from the evidence cited by the Trustee, and it certainly is not the only inference that can be from the evidence. The evidence is at best colorable, and that is not sufficient to withstand a well-supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

The Trustee having failed to come forward with sufficient probative evidence which, if believed, would clearly and convincingly establish fraud, summary judgment is properly granted to Sachs on the fraud claim.

## II. *Breach of Fiduciary Duty Claim*

Sachs has filed objections to the denial of his motion for summary judgment on the breach of fiduciary duty claim.

Sachs does not deny that he was a fiduciary of AUSCO. However, he disputes the bankruptcy court's apparent conclusions that: a) he was acting as a fiduciary of AUSCO when he negotiated his second employment contract; (b) a question of material fact exists as to whether he breached a fiduciary duty in negotiating his second employment agreement; (c) he was obligated as a fiduciary in connection with the negotiation of a $500,000 sign up fee; and (d) he has the burden to prove the "inherent fairness" of that agreement.

In denying Sachs' motion for summary judgment the bankruptcy court relied in part on the following language from *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939):

A director is a fiduciary. So is a dominant or controlling stockholder or group of stockholders. Their powers are powers in trust. Their dealings with the corporation are subjected to rigorous scrutiny and where *any* of their contracts or engagements with the corporation is challenged the burden is on the director or stockholder not only to prove the *good faith* of the transaction but also to show its *inherent fairness* from the view point of the corporation and those interested therein.

*Id.* at 306, 60 S.Ct. at 245 (emphasis added) (citations omitted). Although Sachs asserts that he was not acting in his fiduciary capacity when he negotiated the bonus, the bankruptcy court found that this position was not supported by either evidence or law. Accordingly, the bankruptcy court held that it was Sachs' duty to prove the inherent fairness of his dealings with AUSCO.

Sachs refers the Court to the sentence following the quoted language from *Pepper* which reads: "The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain." *Id.*

During the negotiation of the employment contract, Sachs, AUSCO's shareholders and AUSCO's Board of Directors were all represented by counsel. Other candidates were considered and the bonus request was scrutinized. The bankruptcy court found that there was no question of fact that the transaction was an arm's length transaction. *See* Opinion and R & R pp. 70 & 89.

Because the bankruptcy court determined that negotiation of the employment contract was an arm's length transaction, Sachs contends that the essence of the *Pepper* test has been satisfied, and that he should accordingly be granted summary judgment on the breach of fiduciary duty claim.

Sachs contends that if the bankruptcy court's position is adopted, any corporate officer who negotiates at arm's length with the corporation for compensation would be required to look out for the best interests of the corporation in making his compensation demands and would be subjected to claims that he breached his fiduciary duty to the corporation unless he could establish that his compensation demands were "inherently fair" to the corporation.

In *Pepper* the Court disallowed a salary claim because the salary negotiation was not an arms length transaction due to the dominance and control of the interested director and stockholder. The Court noted that salary claims have routinely been set

aside where allowance of the claims would not be fair or equitable to other creditors because the vote of the interested director or stockholder helped bring it into being or where the history of the corporation showed dominance and exploitation on the part of the claimant. *Id.* at 309, 60 S.Ct. at 246.

██ Because the salary negotiation was an arms length transaction, the instant case does not raise the dominance issues addressed in *Pepper.* Nevertheless, Michigan case law subsequent to *Pepper* expresses concern for not only the form of the dealings, but also for justification in terms of what is "fair and reasonable" to the corporation. *Fill Bldgs., Inc. v. Alexander Hamilton Life Ins. Co.,* 396 Mich. 453, 460–61 n. 6, 241 N.W.2d 466 (1976). Contracts between an officer and a corporation must be *"fair and in the interest of the corporation* and all of the material facts must be made known to the directors." *Fill,* 396 Mich. at 460, 241 N.W.2d 466 (quoting *Baker v. Hellner Realty Co.,* 265 Mich. 625, 631, 251 N.W. 793 (1933) (emphasis supplied in *Fill* )).

> Given an instance of alleged director enrichment at corporate expense such as in this case, the burden to establish fairness resting on the director requires not only a showing of "fair price" but also a showing of the fairness of the bargain to the interests of the corporation.

*Fill,* 396 Mich. at 461, 241 N.W.2d 466.

██ In this case there is a question of fact whether tying Sachs' bonus to the pay off of the Bank note was in the interest of the corporation. The bankruptcy court correctly noted that the structure of the bonus agreement creates a scenario where a potential conflict of interest might easily arise. Because of the potential for conflict of interest, there is question of fact whether this employment agreement was inherently fair to the corporation.

In his objections Sachs has also ignored the fact that the breach of fiduciary duty claim goes farther than the alleged breach in connection with the negotiation of the bonus agreement. In its third amended complaint, AUSCO alleges:

109. Sachs breached his duties to Ausco and its creditors by: (i) demanding an employment contract with Ausco that created a conflict of interest by allowing Sachs to benefit at the expense of Ausco and its creditors, (ii) making payments of over $600,000.00 to the Bank in an effort to collect $400,000.00 as a bonus, and (iii) failing to take basic steps toward enhancement of Ausco's cash position.

Sachs' objections only deal with (i) negotiation of the contract, and not with (ii) and (iii), relating to his actions during his employment. Because his compensation was tied to a reduction in the indebtedness owed to the Bank, there was a very real possibility for a conflict of interest because there may have come a time when liquidation of the Bank's collateral and reduction of the Bank's debt might have been in Sachs' but not in AUSCO's best interests.

The Court does not find Sachs' citation to section 545a of the Michigan Business Corporation Act, M.C.L. § 450.1545a; M.S.A. § 21.200(545a), persuasive. This statute does not shield officers from all actions that have been ratified by the board or shareholders. It merely bars actions predicated solely upon the officer's interest in the corporation. The statute does not speak to suits challenging the fairness of the transaction.

The Court is satisfied that the bankruptcy court correctly denied summary judgment on the breach of fiduciary duty claim. Accordingly, the February 22, 1993 Report and Recommendation is approved and adopted as the opinion of this court.

An order consistent with this opinion will be entered.

### ORDER ADOPTING REPORT AND RECOMMENDATION

In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that the Report and Recommendation dated February 22, 1993, is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Sach's motion for partial summary judg-

ment is **GRANTED** as to Count XI, Fraud, and **DENIED** as to Count XII, Breach of Fiduciary Duty and Count XIII, Breach of Contract.