NIEVES v BELL INDUSTRIES, INC

Docket No. 140379. Submitted December 7, 1993, at Detroit. Decided April 4, 1994, at 9:55 A.M.

Russell Nieves brought an action in the Washtenaw Circuit Court against Bell Industries, Inc., and others, alleging wrongful discharge in violation of an oral agreement for, and legitimate expectation of, employment terminable for just cause only and alleging misrepresentation. The defendants moved for summary disposition, arguing that employment had been terminable at will as stated in an application form and compensation agreement signed by the plaintiff, as well as in an employee handbook given to the plaintiff. The court, Patrick J. Conlin, J., denied the motion. The defendants appealed by leave granted.

The Court of Appeals held:

1. Where, as in this case, an employment contract expressly provides for employment at will, an employee, by signing the contract, assents to employment at will and may not maintain an action based on a prior oral agreement for just-cause employment.

2. A claim based on legitimate expectations of just-cause employment must rest on the employer's promises to the work force in general, not, as occurred in this case, to an individual employee.

3. A person who, like the plaintiff, has the means to determine that a representation is not true cannot maintain an action for misrepresentation.

Reversed.

1. Master and Servant — Termination of Employment — Contracts.

An employee who signs an employment agreement that provides for termination at the will of either the employer or the employee assents to at-will employment and may not maintain

References

Am Jur 2d, Fraud and Deceit §§ 247 et seq.; Master and Servant §§ 27 et seq.

Employer's misrepresentation as to prospect, or duration of, employment as actionable fraud. 24 ALR3d 1412.

an action for wrongful discharge based on a prior oral agreement for termination for just cause only.

2. MASTER AND SERVANT — JUST-CAUSE EMPLOYMENT.

An action for wrongful discharge based on legitimate expectations of employment terminable for just cause must rest only on the employer's promises to the work force in general rather than to the particular employee.

3. FRAUD — MISREPRESENTATION — KNOWLEDGE OF FALSEHOOD.

Fraud cannot be perpetrated against a person who has the means to determine that a representation is not true.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Michelle J. Harrison* and *Angela J. Nicita*), for the plaintiff.

*Cohen & Warren, P.C.* (by *David W. Warren* and *Robert J. Essick*), for the defendants.

Before: GRIFFIN, P.J., and MACKENZIE and J. E. MIES,* JJ.

MACKENZIE, J. This is an action for wrongful discharge and misrepresentation. Defendants appeal by leave granted from an order denying their motion for summary disposition. We reverse.

Plaintiff interviewed with defendant David Lerner for the position of general manager of defendant Bell Industries' Ann Arbor office in May 1988. According to plaintiff, Lerner offered assurances that the position was "long-term" and assured plaintiff that he would not be arbitrarily fired. The following day, Lerner called plaintiff to offer him the position, and plaintiff asked if defendants would be willing to make a written offer.

On May 26, 1988, plaintiff received a letter from Lerner that included a written offer and informed plaintiff that "[a]n Employment Contract will be issued after your acceptance of Bell Industries[']

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

proposal." Plaintiff called Lerner the same day, accepted the position, and asked about the employment contract. Plaintiff claims that Lerner told him that it "was merely a breakdown of the medical plan, it would summarize the base income and these incentive programs."

On June 6, 1988, plaintiff completed an application for employment with Bell Industries. The application stated that employment could be terminated at any time at the will of the employer. The application also stated that the termination policy could not be changed except in writing signed by an authorized representative of the company. Plaintiff stated that when he questioned Lerner regarding the at-will employment language, Lerner told him that the provision did not apply to him.

Plaintiff commenced his employment with Bell Industries on June 13, 1988. At a training session, he received an employee handbook that provided that employment could be terminated at any time with or without cause and with or without notice. The handbook also provided that the policy could only be changed in a writing signed by the president or vice president of the company. According to plaintiff, he understood that the manual applied to his subordinates.

On August 29, 1988, plaintiff was given a document entitled "General Manager's Compensation Agreement." The agreement provided that it could be terminated at any time with or without cause. When plaintiff asked Lerner to strike the language, Lerner replied that he did not have the authority to do so, but that it did not apply to plaintiff. Plaintiff signed the document after Lerner told him that his employment would have to be discontinued if he did not sign. While plaintiff recognized that Lerner did not have the authority

to delete the at-will language, Lerner assured him that it was just boiler plate.

On October 21, 1988, Bell Industries terminated plaintiff's employment. Plaintiff stated that he received no warning that his work was unsatisfactory, and that he was not given a chance to rectify any problems. Plaintiff's discharge slip indicated that he was discharged for cause because of his inability to "keep on top of" Bell's policies and procedures. This suit, alleging wrongful discharge and misrepresentation, followed.

Defendants first contend that the trial court erred in not dismissing plaintiff's wrongful discharge claim. We agree.

There is a strong presumption that an employment contract for an indefinite duration, such as the contract in this case, is terminable at the will of either party for any reason or no reason at all. *Coleman-Nichols v Tixon Corp,* 203 Mich App 645, 655; 513 NW2d 441 (1994). In *Rood v General Dynamics Corp,* 444 Mich 107; 507 NW2d 591 (1993), our Supreme Court reiterated that a just-cause employment relationship can arise either by contract or by an employee's legitimate expectations in reliance on company policies.

Under a contractual theory, a party must present sufficient proof either of a contractual provision for a definite term of employment or of a provision forbidding discharge absent just cause. *Rood, supra,* p 117. Such provisions may become part of an employment contract as a result of explicit promises or promises implied in fact. *Id.* Oral statements of job security must be clear and unequivocal to overcome the presumption of employment at will. *Id.,* p 119, quoting *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627, 645; 473 NW2d 268 (1991).

Under the legitimate expectations theory, a

party may overcome the presumption of employment at will by establishing that the employer's policies and procedures have become a legally enforceable part of an employment relationship if such policies and procedures instill legitimate expectations of discharge for just cause only. *Rood, supra,* pp 117-118. The courts must determine whether a promise has been made and whether the promise is reasonably capable of instilling in employees a legitimate expectation of just-cause employment. *Rood, supra,* p 140.

In this case, plaintiff argues that there was an express oral agreement of just-cause employment in light of the promises made during his interview and because of Lerner's job offer and plaintiff's acceptance. Alternatively, plaintiff argues that the policies and procedures of Bell Industries created a legitimate expectation of just-cause employment.

Even if we were to agree that there was an oral agreement that plaintiff had a just-cause employment contract, the General Manager's Compensation Agreement that plaintiff signed clearly and unambiguously defined the terms of plaintiff's employment, including the company's at-will employment policy. Plaintiff was aware that Lerner could not change that term. One who signs a contract cannot seek to avoid it on the basis that he did not read it or that he supposed that it was different in its terms. *Stopczynski v Ford Motor Co,* 200 Mich App 190, 193; 503 NW2d 912 (1993). When an employment contract expressly provides for employment at will, a plaintiff, by signing the contract, assents to employment at will and cannot maintain an action based on a prior oral agreement for just-cause employment. *Stopczynski, supra,* p 193; *Scholz v Montgomery Ward & Co, Inc,* 437 Mich 83; 468 NW2d 845 (1991). See also *In re Certified Question,* 432 Mich 438; 443 NW2d 112

(1989); *Rowe, supra; Grow v General Products, Inc,*
184 Mich App 379; 457 NW2d 167 (1990); *Pepper-*
*man v Automobile Club of Michigan Ins Group,*
181 Mich App 519; 450 NW2d 66 (1989). While
plaintiff may have had a subjective expectation
that his employment could not be terminated ex-
cept for just cause, such an expectation in and of
itself does not create a just-cause employment
contract. *Schwartz v Michigan Sugar Co,* 106 Mich
App 471, 478; 308 NW2d 459 (1981). Finally, we
reject plaintiff's suggestion that the terms of the
General Manager's Compensation Agreement may
be voided on the basis of duress. See *Apfelblat v*
*Nat'l Bank Wyandotte-Taylor,* 158 Mich App 258;
404 NW2d 725 (1987).

We likewise reject plaintiff's alternative argu-
ment based on legitimate expectations of just-
cause employment. A claim based on legitimate
expectations rests on the employer's promises to
the work force in general rather than to an indi-
vidual employee. *In re Certified Question, supra,* p
443, n 3. Here, Bell's job application, handbook,
and compensation agreement all promised at-will
employment.

Defendant also contends that the trial court
erred in refusing to dismiss plaintiff's misrepresen-
tation claim. We agree. A misrepresentation claim
requires reasonable reliance on a false representa-
tion. See *State-William Partnership v Gale,* 169
Mich App 170; 425 NW2d 756 (1988). There can be
no fraud where a person has the means to deter-
mine that a representation is not true. *Montgom-*
*ery Ward & Co v Williams,* 330 Mich 275; 47
NW2d 607 (1951); *Webb v First of Michigan Corp,*
195 Mich App 470, 474; 491 NW2d 851 (1992).
Here, plaintiff acknowledged that he read the at-
will employment language in the various docu-

ments presented to him and that Lerner could not alter the terms of the employment agreement. He chose to believe Lerner rather than the signed contract. However, a plaintiff cannot claim to have been defrauded where he had information available to him that he chose to ignore. *Webb, supra,* p 475.

Reversed.