*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH WAGNER,

      Plaintiff-Appellant,

v

LOURENS J. WILLEKES II, M.D., and GRAND
RAPIDS THORACIC SURGERY, PLLC,

      Defendants-Appellees.

UNPUBLISHED
March 25, 2021

No. 350574
Kent Circuit Court
LC No. 19-004652-NH

Before: SHAPIRO, P.J., and SAWYER and BECKERING, JJ.

SAWYER, J. (*dissenting*).

I respectfully dissent.

In *Hungerman v McCord Gasket Corp*, 189 Mich App 675, 677-678; 473 NW2d 720 (1991), we explained the elements of fraudulent misrepresentation as follows:

> (1) the defendant made a material representation, (2) it was false, (3) the defendant knew it was false when made, or made it recklessly, without knowledge of its truth and as a positive assertion, (4) it was made with the intention to induce reliance by the plaintiff, (5) the plaintiff acted in reliance upon it, and (6) the plaintiff thereby suffered injury.

In *Nieves v Bell Industries, Inc,* 204 Mich App 459, 464; 517 NW2d 235 (1994), we further explained that "[t]here can be no fraud where a person has the means to determine that a representation is not true." More to the point, "a plaintiff cannot claim to have been defrauded where he had information available to him that he chose to ignore." *Id.* at 465.

In this case, the trial court did not abuse its discretion by denying plaintiff's motion to amend his complaint. See *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006). When it denied plaintiff's motion, the trial court did not appear to render judgment on the merits of the proposed amended complaint; rather, the trial court determined that the amended complaint was not legally sufficient. Specifically, the trial court reasoned that "[i]t was known at the time of the execution of the release that there was a dispute

-1-

over the hardware used in the procedure." This determination was supported by a letter from an employee of the manufacturer, Merrianne Cassidy, and by the very statement that plaintiff alleged was false—¶ 16 of Dr. Willekes's affidavit. Both Cassidy's letter and Dr. Willekes's affidavit were affixed to the complaint. When the parties entered into the Release, plaintiff had access to Cassidy's letter and the x-rays that depicted the part numbers on the plates. Notably, plaintiff does not dispute this. Plaintiff knew, by the plain language of ¶ 16, that Dr. Willekes had contradicted Cassidy's conclusion. And yet plaintiff chose to believe Dr. Willekes. Again, "a plaintiff cannot claim to have been defrauded where he had information available to him that he chose to ignore." *Nieves,* 204 Mich App at 465.

Moreover, I am not persuaded by the majority's reliance on *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), as a basis to dismiss reliance on *Nieves*. This is not a case of requiring "the party asserting fraud to have performed an investigation of all assertions and representations made by its contracting partner as a prerequisite to establish fraud." *Titan*, 491 Mich at 557. Rather, it is one of having "information available to him that he chose to ignore." *Nieves*, 204 Mich App at 465.

Therefore, accepting all factual allegations as true, the proposed amended complaint failed to state a claim. Amendment being futile, the trial court did not abuse its discretion by denying plaintiff's motion.

I would affirm.


/s/ David H. Sawyer